1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DAMIAN ROBERTS,

12              Plaintiff,                          No. 2:25-cv-01484-TLN-DMC

13

14        v.                                        **ORDER**

15   PLUMAS BANK and REAL TIME AUTO
     RECOVERY,

16              Defendants.

17

18

19        This matter is before the Court on Defendant Plumas Bank's ("Defendant") Motion to

20   Dismiss.[1]  (ECF No. 7.)  Plaintiff Damian Roberts filed an opposition.  (ECF No. 9.)  For the

21   reasons set forth below, Defendant's motion is DENIED.

22   ///

23   ///

24   ///

25   ///

26

27   _____

     [1]      Defendant Real Time Auto Recovery ("RTA Recovery") is also a named defendant in this
28   action but does not join in the instant motion.  The Court shall refer to defendants collectively as
     "Defendants."

                                                   1

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**[2]

2        The instant action arises from Defendant's allegedly unlawful repossession of Plaintiff's

3    2023 GMC Sierra truck (the "Vehicle").  (*See* ECF No. 1.)  Plaintiff purchased and financed the

4    Vehicle through a loan with Defendant.  (*Id.* at 3.)  After Plaintiff's wife died and his restaurant

5    was destroyed in a fire, he fell behind on paying this loan.  (*Id.*)  Consequently, Defendant

6    contracted with RTA Recovery to repossess the Vehicle.  (*Id.* at 3–4.)  Plaintiff left his home at

7    approximately 2 p.m. on September 11, 2023, and he left the Vehicle parked behind a locked gate

8    on his private property.  (*Id.* at 4.)  At some point before 2:45 p.m., Plaintiff's girlfriend ("Ms.

9    Pratt"), who was inside Plaintiff's home, noticed a tow truck attempting to repossess the Vehicle.

10    (*Id.*)  Plaintiff alleges that in order to access the Vehicle, Defendants' agents first cut the lock that

11    secured the fence protecting the property.[3]  (*Id.*)

12        Ms. Pratt exited Plaintiff's home to see Defendants' tow truck operators backed up into

13    the driveway in an apparent attempt to repossess the Vehicle.  (*Id.*)  Ms. Pratt advised

14    Defendants' tow truck operators they were trespassing, they needed to stop the repossession

15    immediately, and they needed to leave Plaintiff's property.  (*Id.*)  Ms. Pratt entered the Vehicle

16    and attempted to physically obstruct the tow truck operators from taking the Vehicle.  (*Id.*)

17    Defendants' tow truck operators allegedly kept persisting in trying to repossess the Vehicle and

18    demanded Ms. Pratt remove herself from the Vehicle, while Ms. Pratt continued to protest and

19    informed the operators they were trespassing and demanded they leave Plaintiff's property.  (*Id.*

20    at 5.)  Plaintiff alleges Defendants' tow truck operators threatened to call law enforcement and

21    threatened Ms. Pratt with jail time if she did not remove herself from the Vehicle.  (*Id.*)

22        Ms. Pratt then proceeded to remove as many items of value as she could from the Vehicle

23    before Defendants' tow truck operators threatened to call law enforcement.  (*Id.*)  In fear of what

24    might transpire if law enforcement were called to the scene, Ms. Pratt exited the Vehicle.  (*Id.*)

25  ---
[2]    The instant factual background is taken largely verbatim from Plaintiff's Complaint.
26   (ECF No. 1.)

27   [3]    The Complaint does not distinguish the following conduct by each defendant, but rather
    refers to "Defendants' repo agents" and "Defendants' tow truck operators."  The Court will do the
28   same in its recitation of the factual allegations here.

1    Defendants' tow truck operators completed the repossession.  (*Id.*)  At approximately 2:45 p.m.,

2    Plaintiff returned home and discovered the Vehicle was gone, the gate to his property was open,

3    the chain which locked the gate was cut and lying on the ground, and Ms. Pratt was crying on the

4    front steps of his home.  (*Id.*)

5            On May 28, 2025, Plaintiff filed the instant action in this Court, alleging the following

6    claims: (1) violation of the Fair Debt Collection Practices Act ("FDCPA") against RTA

7    Recovery; (2) violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act")

8    against all Defendants; (3) breach of the peace repossession against all Defendants; and (4)

9    conversion against all Defendants.  (*See id.*)  On June 27, 2025, Defendant filed a motion to

10   dismiss Claims One through Three.  (ECF No. 7.)

11          **II.    STANDARD OF LAW**

12          A motion to dismiss for failure to state a claim upon which relief can be granted under

13   Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

14   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

15   "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See*

16   *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the

17   complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon

18   which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

19   "This simplified notice pleading standard relies on liberal discovery rules and summary judgment

20   motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz*

21   *v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

22          On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

23   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every

24   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

25   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

26   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

27   relief."  *Twombly*, 550 U.S. at 570.

28   ///

                                        3

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

///

4

1    **III.    ANALYSIS**

2        Defendant argues Plaintiff fails to plead sufficient facts to establish there was a breach of

3    the peace, which is required in Claims One through Three.[4]  (ECF No. 7 at 2, 4.)  Specifically,

4    Defendant argues the following allegations are insufficient to plead this claim: Ms. Pratt's oral

5    protests against the repossession, continuing to remain on private property after being told to

6    leave, threatening to involve law enforcement to complete the repossession, and the act of

7    breaking a lock.[5]  (*Id.* at 4–8.)

8        In opposition, Plaintiff asserts all his claims are premised on whether Defendants had the

9    present right of possession to the Vehicle at the time of repossession and they did not.  (ECF No.

10   9 at 6.)  Plaintiff maintains he expressly alleges the Vehicle was secured behind a locked gate and

11   Defendants' agents cut the lock to gain access to the Vehicle.  (*Id.* at 9.)  Plaintiff contends

12   Defendants engaged in an illegal repossession of the Vehicle because they did not have the right

13   to force their way past a locked gate in order to effectuate the repossession, which is what the

14   courts found in *Clark v. PAR, Inc.*, No. CV-15-02322-MWF (FFMx), 2015 WL 13781846 (C.D.

15   Cal. July 22, 2015) and *Rivin v. Patrick K. Willis Co.*, No. 2:20-cv-07431-RGK-KS, 2020 WL

16   8365251 (C.D. Cal. Dec. 4, 2020).  (*Id.* at 8–9.)

17       The FDCPA prohibits a debt collector from "taking or threatening to take any nonjudicial

18   action to effect dispossession or disablement of property if . . . there is no present right to

19   possession of the property claimed as collateral through an enforceable security interest[.]"  15

20   U.S.C. § 1692f(6).  "Courts look to state law regarding security interests to determine whether a

21   secured party had a present right to possess the collateral."  *Galanter v. Access Finance, Inc.*, No.

22

23   [4]      In the Complaint, Plaintiff appears to explicitly assert Claim One against RTA Recovery
     only.  (ECF No. 1 at 6.)  However, Plaintiff opposes Defendant's motion to dismiss Claim One.
24   (ECF No. 9 at 6–7.)  The Court will therefore construe Claim One as asserted against Defendant
     but advises Plaintiff to make clear in any future filings which claims are asserted against which
25   defendants.  Additionally, because Defendant does not challenge any other elements in Claims
     One through Three, the Court will only address the breach of the peace element in these claims.
26

27   [5]      Because the Court finds Plaintiff sufficiently alleges Defendant breached the peace by
     breaking a lock, it declines to address the parties' arguments regarding the additional allegations
28   Defendant argues are insufficient.

                                            5

1   2:23-cv-09466-ODW (SSCx), 2025 WL 2172193 (C.D. Cal. July 31, 2025) (citing *Rivin*, 2020

2   WL 8365251, at *4).  Courts that have considered this issue have implied that a secured party

3   "can lose their 'present right' to possession of collateral by actions taken during repossession."

4   *Clark*, 2015 WL 13781846, at *3 (citing cases).  Specifically, "a breach of the peace can

5   extinguish a present right to possession." *Id.* at *6.  "Further, California law makes it unlawful

6   for repossessors to enter "'any private building or secured area without the consent of the

7   owner . . . at the time of the repossession.'" *Rivin*, 2020 WL 8365251, at *4 (citing Cal. Bus. &

8   Prof. Code § 7508.2(d)).

9        Here, Plaintiff alleges the Vehicle was "parked behind a locked gate on his private

10   property" and Defendant committed a breach of the peace "by forcibly breaking the lock securing

11   the gate behind which" the Vehicle was stored.  (ECF No. 1 at 4, 7.)  The Court finds these

12   allegations are sufficient to establish Defendant breached the peace and, consequently, did not

13   have the present right to possession of the Vehicle.  Plaintiff is correct the *Clark* and *Rivin* cases

14   held similarly. *See Clark*, 2015 WL 13781846, at *5 (finding plaintiff sufficiently alleged

15   defendant "committed a breach of the peace when it entered gated, private property without

16   permission"); *Rivin*, 2020 WL 8365251, at *4 (finding plaintiff sufficiently alleged defendants

17   breached the peace when it entered his property "which was secured by a locked gate and fence,

18   without permission).

19        Even though Defendant acknowledges this is not the correct stage in which to argue the

20   facts, it nevertheless attempts to argue Plaintiff still falls short of pleading a breach of the peace

21   because the gate to Plaintiff's property is a standalone gate without a fence surrounding the

22   property and the gate was not locked.  (ECF No. 7 at 6–7.)  The Court agrees with Plaintiff that

23   the case Defendant cites for this proposition, *Laurel Coal Co. v. Walter E. Heller & Co.*, 539 F.

24   Supp. 1006, 1007 (W.D. Pa. 1982), actually operates in Plaintiff's favor.  (ECF No. 9 at 11–12.)

25   In *Laurel Cole*, the court held that plaintiff's allegations stated a cognizable cause of action where

26   plaintiff asserted "that agents of the defendant regained possession of the bulldozer by unlawfully

27   entering plaintiff's property, securing entry by cutting a chain used to lock a fence which

28   enclosed the property," which constituted a breach of the peace. *Id.*  The court held that "the

1    actual breaking of a lock or fastener securing property, even commercial property constitutes a

2    'breach of the peace.'" 539 F. Supp. at 1007.  Similar to the plaintiff in *Laurel Coal*, Plaintiff

3    sufficiently alleges Defendant breached the peace during repossession of the Vehicle because

4    Plaintiff alleges Defendant's agents unlawfully cut the lock to his private property to gain access

5    to the Vehicle.

6         Based on the foregoing, Plaintiff sufficiently alleges Defendant's present right to

7    possession of the Vehicle had extinguished at the time of repossession.  Accordingly, Defendant's

8    motion to dismiss Claim One is DENIED.

9         As noted previously, Defendant also moves to dismiss Claims Two and Three on the basis

10   that Plaintiff fails to adequately allege a breach of the peace.  (ECF No. 7 at 2, 4.)  Claim Two

11   alleges a violation of the Rosenthal Act, California Civil Code § 1788.17, which "mandates that

12   every person or entity collecting or attempting to collect a consumer debt shall comply with the

13   provisions of [§§] 1692b to 1692j" of the FDCPA.  (ECF No. 1 at 8–9.)  Claim Three alleges a

14   violation of California Commercial Code § 9609 (*id.* at 11), under which a party may only retake

15   possession of collateral without judicial process "if it proceeds without breach of the peace." Cal.

16   Com. Code § 9609(b)(2).  Because the Court finds Plaintiff adequately alleges a violation of

17   §1692f of the FDCPA and a breach of the peace, Defendant's motion to dismiss Claims Two and

18   Three is also DENIED.

19        **IV.  CONCLUSION**

20        For the foregoing reasons, Defendant's motion to dismiss is DENIED.  (ECF No. 7.)

21   Defendant shall file an answer within twenty-one (21) days of the electronic filing date of this

22   Order.

23        IT IS SO ORDERED.

24   Date: December 19, 2025

25   _____

26   TROY L. NUNLEY
     CHIEF UNITED STATES DISTRICT JUDGE

27

28